## CONSTRUCTION OF BUILDING RESTRICTION WITH REFERENCE TO PORCH ROOF.

Circuit Court of Summit County.

THE PORTAGE PARK LAND COMPANY V. ROSE B. BURCH ET AL.

Decided, April 20, 1912.

*Building Restriction—Porch Construction.*

A restriction in a deed which requires that no building, except an open porch, be erected nearer the street line than twenty-five feet, is not violated by the erection of an open porch upon the restricted territory, although the roof of said porch is but a continuation of the roof of the main building.

*Stuart & Stuart,* for plaintiff in error.
*Wilcox, Parsons, Burch & Adams,* contra.

WINCH, J.; MARVIN, J. and NIMAN, J., concur.

The land company in this appealed action asks for the enforcement of a building restriction contained in defendants' deed, which requires that no building, except an open porch, be erected upon defendants' lot nearer the street line than twenty-five feet.

The main part of defendants' home, recently erected, is about two feet farther back from the street line than the restriction requires, but the roof of the front porch is a continuation of the main roof of the house as it slopes toward the street. Exhibition of this kind of roof is common in the architecture of the day, but it is said that by reason of the siding on the main part of the house being carried out to the front into the triangular space included between the roof and ceiling of the porch and the front of the house, the view from a second-story porch on any house which might be built to the east of defendants' house, would be obstructed.

The porch, outside of this roof, is a remarkably open one. The few posts supporting the roof are not large; the railings are slight and graceful.

In order to make light and view for two chamber windows upstairs in the front of the house, the porch roof is cut down and a deck roof constructed, leaving at each side thereof the sloping roof complained of, perhaps six feet wide on each side of this deck roof.

The pitch of the main roof, which is the pitch of that part of the porch roof that is complained of, is nearly forty-five degrees.

It is conceded that defendants are entitled to a substantial roof over their porch, so that in the last analysis, the only objection plaintiff can have to defendants' porch roof is that it is too steep on the side parts. In view of the fact that this roof begins two feet back of the restricted area, it is apparent that it is about two feet lower at the twenty-five-foot line than it would have been if the front of the house had been on that line. This undoubtedly explains the fact that a photograph of the premises taken from the west with another house and porch between the camera and defendant's porch hardly shows the latter, while a photograph taken from the east, with no intervening house, rather magnifies plaintiff's contention.

The court viewed the premises, however, and finds the construction of defendants' porch and roof thereof to be within the language of the restriction; it is an open porch and requires no alteration to make it conform to the requirements of the deed.

Upon the argument of the case, counsel for plaintiff suggested that to permit the construction here complained of, might encourage some other lot owner in the restricted territory to extend the main part of the second-story of his house out over the porch in the manner sometimes seen.

So far as this case is concerned, the suggestion has no influence, for defendants have not done such a thing and disclaim all intention of so doing. It will be time enough to complain of what somebody else may do, when he does it.

The petition is dismissed.